FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ DEC 05 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Docket No.:

-------------------------------------------------------

WILLIAM N. LAWRENCE,

              Plaintiff,

              **COMPLAINT**

-against-

THE COUNTY OF SUFFOLK, POLICE OFFICER JOHN H.
FARLEY, POLICE OFFICER ERIC DENIS, JOHN DOE Nos.
1-10 being police officers and other employees of the City Of
New York involved in Abuse of Authority, Abuse of Process,
and Violation of Civil and Constitutional Rights of the
Plaintiff,

              Defendants.

**JURY TRIAL REQUESTED**

WEXLER, J

DOYLE, M.J.

CV10 0018

-------------------------------------------------------X

      Plaintiff, **WILLIAM N. LAWRENCE**, by his attorneys **MADUEGBUNA COOPER LLP**,

for her Complaint, respectfully alleges:

### NATURE OF THE ACTION

      1.  This action arises under the Constitution of the United States, particularly the Fourth,

Sixth, and Fourteenth Amendments to the Constitution of the United States, and under the laws of

the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983

and 1988. This is also an action for assault and battery, false arrest, false imprisonment and

intentional infliction of emotional distress.

### JURISDICTION AND VENUE

      2.  This court has jurisdiction over this action pursuant to 28 USC §§1331 and 1343. This

Court has supplemental jurisdiction over the state causes of action pleaded herein. Venue is placed

in this district because it is where all the parties reside and where the events complained of occurred.

3.     Notice of Plaintiff's claim and Notice of Intention to Sue for the state causes of cation pled herein was duly served upon defendant, THE COUNTY OF SUFFOLK ("COUNTY") on or about October 20, 2009.

4.     A hearing has been held on December 21, 2009, pursuant to §50 (h) of the General Municipal Law.

5.     More than 30 days have elapsed since the Notice of Claim  was served upon the COUNTY and the COUNTY has neglected or refused to make any adjustment or payment thereof.

6.     This action is commenced within one year and ninety days after the cause of action arose.

## THE PARTIES

7.     Plaintiff is a black male and a lawful resident of Wyandanch, New York.

8.     Defendant COUNTY was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New.

9. At all times hereinafter mentioned, the SUFFOLK COUNTY POLICE DEPARTMENT ("Police Department") is an  agency within the government of defendant COUNTY, duly existing by reason of and pursuant to the laws of the State of New York.

10.     Upon information and belief, at all times hereinafter mentioned, on or prior to August 16, 2009, defendant POLICE OFFICER JOHN H. FARLEY ("FARLEY"),  white male, who is sued both in his personal and official capacities,  was employed by the COUNTY, as a Police Officer with the First  Precinct of the Police Department.

11.     Upon information and belief, at all times hereinafter mentioned, on or prior to August

16, 2009, defendant POLICE OFFICER ERIC DENIS ("DENIS"), a white male, who is sued both in his personal and official capacities, was employed by the COUNTY, as a Police Officer with the First Precinct of the Police Department.

12.     Upon information and belief, at all times hereinafter mentioned, defendants JOHN DOE Nos. 1-10, are Police Officers and other employees of the COUNTY responsible for the violations of Plaintiff's constitutional rights and the acts complained of in this matter, who are sued both in their personal and official capacities.

13. At all times hereinafter mentioned, defendants, their servants, agents and/or employees were acting under color of the statutes, ordinances, regulations, customs and usages of the State of New York and the COUNTY, and under the authority of their office as Police Officers.

14. Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, both as individuals, and under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the COUNTY and under the authority of their office as Police Officers.

## THE FACTS

15.     At approximately 10:00 am. On August 16, 2009, Plaintiff went to the First Precinct of the Police Department located at  to file a complaint against defendants FARLEY and  DENIS for threatening to violate his civil rights earlier in the day.

16. Upon arrival at the precinct, Plaintiff notified the Desk Sergeant, a white male, of the purpose of his visit. The Desk Sergeant instructed Plaintiff to take a seat and wait and plaintiff complied with his instructions.

17. At approximately 10:30 a.m., on August 16, 2009,  while Plaintiff was  waiting  at the

First Precinct as directed by the Desk Sergeant, defendants FARLEY and DENIS, who apparently had been notified by the Desk Sergeant of the purpose of Plaintiff's visit, charged into the precinct, forcibly grabbed Plaintiff took him to a hallway within the precinct, where they made him strip naked and without justification caused him to stand naked in plain view for no less than half and hour. Thereafter, defendants FARLEY and DENIS took Plaintiff into a room, placed his hands in a handcuff fixed to a table, and left him so handcuffed to the table from about 11:00 a.m. until about 2:00 p.m., when plaintiff was released. Upon his release, Plaintiff was issued a Desk Appearance Ticket, falsely accusing and charging Plaintiff to court on trumped-up charges of aggravated unlicensed operation of a motor vehicle.

18. Plaintiff did not provoke the assault and battery upon him by defendants FARLEY and DENIS and in no way threatened defendants FARLEY and DENIS, before he was physically assaulted, battered, falsely imprisoned and falsely accused.

19. The above violations of Plaintiff's rights occurred in the presence of other police officers including said Desk Sergeant, yet said officers and sergeant failed to intercede to prevent the further violation of Plaintiff's rights.

20. The above violations of Plaintiff's rights was done by defendants FARLEY and DENIS in retaliation because Plaintiff dared come to the First Precinct to file a complaint against them.

21. By falsely arresting Plaintiff, defendants initiated the criminal prosecution of Plaintiff.

22. Also, by verifying a complaint charging Plaintiff with the commission of criminal acts, defendant FARLEY initiated the criminal prosecution of Plaintiff.

23. The criminal prosecution of Plaintiff was initiated without probable cause and with

-4-

malice.

24. Defendant FARLEY intentionally provided false information and withheld material information regarding the culpability of Plaintiff.

25. Upon information and belief, throughout the period of Plaintiff's unlawful imprisonment and after his release therefrom, defendants continued to prosecute Plaintiff unlawfully on these false charges.

26. On August 19, 2009, Judge Santorelli sitting in Part D54 of the District Court of the County of Suffolk dismissed the charges preferred by defendants against Plaintiff.

27. By virtue of the dismissal, the criminal prosecution was terminated favorably to Plaintiff.

28. Up until the present time, defendants have not provided Plaintiff with any explanation for violating his constitutional and civil rights, including stripping him naked, assaulting him, and unlawfully imprisoning him for more than 2 hours, and for instituting and continuing the malicious prosecution of Plaintiff during said time period. Neither have defendants apologized to Claimant for their conduct.

### AS AND FOR A FIRST COUNT AGAINST
### DEFENDANTS FARLEY AND DENIS PURSUANT TO 42 U.S.C. §1983

29. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

30. As a direct and proximate result of the above described actions of defendants committed under color of law and under their authority as Police Officers , Plaintiff was deprived of his rights to freedom from illegal searches and seizure of his person, papers, and

effects, and of his rights to freedom from unlawful arrest, detention and imprisonment, use of excessive and unreasonable force, deprivation of liberty without due process of law, and freedom from summary punishment, all of which rights are secured to plaintiff by the Fourth, Sixth, and Fourteenth Amendment to the Constitution of the United States, and by Title 42, United States Code, Sections 1983 and 1988.

31. The direct and proximate result of defendants' acts is that Plaintiff has suffered personal injuries, was forced to endure great pain and mental suffering, and incurred legal expenses, loss of earnings, and was deprived of his physical liberty.

32. By reason of the foregoing, Plaintiff has suffered loss and damage.

## AS AND FOR A SECOND COUNT FOR ASSAULT
## AND BATTERY AGAINST DEFENDANTS FARLEY AND DENIS

33. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

34. As a direct and proximate result of defendants' aforesaid actions Plaintiff has suffered loss and damage.

## AS AND FOR A THIRD COUNT FOR
## DENIAL OF BENEFITS OF LAWS IN VIOLATION OF 42 U.S.C. §1981

35. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

36. Plaintiff is of African-American descent

37. Following the violation of his civil rights by defendants FARLEY and DENIS on August 16, 2009, Plaintiff went back to the First Precinct and complained to certain other police

-6-

officers present, about the unlawful conduct of defendants FARLEY and DENIS, but said individuals refused to process Plaintiff's complaint regarding fellow police officers.

38. These police officers understood and knew that the conduct of defendants FARLEY and DENIS were unlawful and in violation of the regulations, policies, and procedures of the City of New York Police Department, yet, because of Plaintiff's race, they abused their authority by failing to process Plaintiff's complaint regarding fellow police officers.

39. Additionally, because of Plaintiff's race, defendants and others, intentionally ignored the regulations and procedures governing their conduct, as described above.

40.      The aforesaid conduct of defendants was knowingly undertaken with the intent to deny Plaintiff her right to full and equal benefit of the laws and proceedings for the security of persons and property as is enjoyed by white citizens in violation of the Civil Rights ct of 1866 (42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991) because of Plaintiff's race.

41.      By reason of the aforesaid Plaintiff has suffered loss and damage.

### AS AND FOR A FOURTH COUNT FOR
### FAILURE TO INTERCEDE ON PLAINTIFF'S BEHALF
### AND PREVENT THE VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS

42. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

43. The violation of Plaintiff's rights by defendants FARLEY and DENIS occurred in the presence of other police officers including said Desk Sergeant, yet said officers and sergeant failed to intercede to prevent the further violation of Plaintiff's rights.

44. By reason of the aforesaid Plaintiff has suffered loss and damage.

## AS AND FOR A FIFTH COUNT FOR
## FALSE IMPRISONMENT AGAINST DEFENDANTS FARLEY AND DENIS

45. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

46. At various times previously mentioned herein, defendants wrongfully and falsely accused Plaintiff of committing an offense in violation of the laws of the State of New York.

47. Defendants knew that the charge was false, yet they arrested and imprisoned Plaintiff.

48. The said false arrest and imprisonment were effected by the defendants, their agents, servants and/or employees, without any warrant or other legal process and without authority of the law, and without any reason or probable cause or belief that Plaintiff was in fact guilty of the crime alleged against him.

49. Defendants, their agents, servants and/or employees, wrongfully and unlawfully, without probable or reasonable cause, and on trumped-up charges, arrested and imprisoned the Plaintiff, and with full force of arms, they forcibly seized, and laid hold of and compelled him to be detained and imprisoned for more than two hours.

50. Defendants, their agents, servants and/or employees, acting within the scope of their authority and employment, detained and imprisoned the Plaintiff even though the defendants, their agents, servants and/or employees had the opportunity to know or should have known, that the charge alleged against the Plaintiff was false.

51. Plaintiff was wholly innocent of the charge and did not contribute in any way to

-8-

the conduct of the defendants, their agents, servants and/or employees and was forced by the defendants to submit to the aforesaid arrest and imprisonment thereto entirely against his will.

52. Defendants, their agents, servants and/or employees, as set forth above on the aforementioned date, time and place, intended to confine the Plaintiff; Plaintiff was conscious of the confinement; Plaintiff did not consent to the confinement; and the confinement was not otherwise privileged.

53. By reason of the false arrest, imprisonment and detention of the Plaintiff, Plaintiff was subject to great indignities, humiliation and ridicule in being so detained, charged and prosecuted with a crime, and greatly injured in his credit and circumstances and was then and there prevented and hindered from performing and transacting his necessary affairs and business, and he was caused to suffer much pain in both mind and body.

54. By reason of the aforesaid Plaintiff has suffered loss and damage.

## AS AND FOR A SIXTH COUNT FOR
## MALICIOUS PROSECUTION AGAINST DEFENDANTS

55. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

56. By reason of the aforesaid Plaintiff has suffered loss and damage.

## AS AND FOR A SEVENTH COUNT FOR
## INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS

57. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

58. The acts of Defendants towards Plaintiff were extreme and outrageous.

59. Defendants acted recklessly and/or with the intent of causing Plaintiff severe

emotional distress.

60. As a direct and proximate result of Defendants' actions, Plaintiff suffered extreme humiliation, shame, embarrassment, and severe mental and emotional distress, all to her damage.

## VICARIOUS LIABILITY AGAINST THE COUNTY

61.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

62.    The COUNTY defendant is vicariously liable, under the common law, for the aforesaid tortious acts of the individual defendants.

63. Plaintiff's injuries result from the COUNTY's unspoken custom of acquiescence of the aforesaid tortious acts of the individual defendants.

64.    By reason of the aforesaid Plaintiff has suffered loss and damage.

## REQUEST FOR PUNITIVE DAMAGES

65. Because the acts taken by defendants toward Plaintiff were carried out by employees acting in a deliberate, cold, callous and intentional manner in order injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages, in an amount appropriate to punish and make an example of the individual Defendants.

66.    In particular, the acts of defendants FARLEY and DENIS as described herein were intentional, wanton, malicious and oppressive, thus entitling Plaintiff to an award of punitive damages against defendants FARLEY and DENIS in their individual capacities.

**WHEREFORE**, judgment is respectfully demanded:

a.    Awarding as against all defendants such punitive damages as the jury may determine;

-10-

   b.     Awarding as against all defendants such compensatory damages, as the jury may

determine;

   c.     Awarding costs and reasonable costs and attorney's fees; and

   d.     Granting such other and further relief as to the Court seems just and proper.

Dated:        New York, New York
              January 4, 2010

                                        **MADUEGBUNA COOPER LLP**
                                        Attorneys for Plaintiff, WILLIAM N. LAWRENCE
                              By:       Samuel O. Maduegbuna, Esq. (SM 6084)
                                        110 Wall Street, 11th Floor
                                        New York, N.Y. 10005
                                        (212) 232-0155

To:   COUNTY OF SUFFOLK
      c/o Christine Malafi, County Attorney
      H Lee Dennison Building
      100 Veterans Memorial Highway
      5th, 6th or 7th Floors
      Hauppauge, NY 11788

      POLICE OFFICER JOHN H. FARLEY,
      Suffolk County Police Department
      First Precinct
      555 Route 109
      West Babylon, New York 11704

      POLICE OFFICER ERIC DENIS,
      Suffolk County Police Department
      First Precinct
      555 Route 109
      West Babylon, New York 11704

      JOHN DOE Nos. 1-10
      Suffolk County Police Department
      First Precinct
      555 Route 109
      West Babylon, New York 11704

-11-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    Docket No.:
-----------------------------------------------------------------------------------------------------------------
WILLIAM N. LAWRENCE,

                         Plaintiff,


-against-


THE COUNTY OF SUFFOLK, *et al.*

                         Defendants,
-----------------------------------------------------------------------------------------------------------------

## COMPLAINT AND JURY DEMAND
-----------------------------------------------------------------------------------------------------------------
Signature (Rule 130-1.1-a)

_____

Print name beneath  SAMUEL O. MADUEGBUNA, ESQ.

_____

                         Yours, etc


                    MADUEGBUNA COOPER LLP
           Attorneys for Plaintiff, WILLIAM N. LAWRENCE
                    110 Wall Street, 11th Floor
                    New York, New York 10005
                       (212) 232- 0155


To: All Counsel of Record
_____
Service of the within is hereby admitted on

_____

*Attorneys for*